ALBRIGHT, STODDARD, WARNICK
  & ALBRIGHT
G. MARK ALBRIGHT
Nevada Bar No. 1394
MARTIN MUCKLEROY
Nevada Bar No. 9634
801 South Rancho Drive
Quail Park Suite D 4
Las Vegas, NV 89106
Telephone: 702/384-7111
702/384-0605 (fax)

Liaison Counsel

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JOY ANN BULL
ARTHUR C. LEAHY
SHANNON M. MATERA
MATTHEW I. ALPERT
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Plaintiffs' Counsel for Plaintiffs

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re SUNTERRA CORP. SECURITIES LITIGATION | Master File No. 2:06-cv-00844-BES-RJJ |
| | CLASS ACTION |
| This Document Relates To: | STIPULATION OF SETTLEMENT |
| ALL ACTIONS. | |

This Stipulation of Settlement dated as of October 28, 2008 (the "Stipulation"), is submitted pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is entered into by and among the following Settling Parties to the above-entitled Litigation: (i) the Lead Plaintiffs (on behalf of themselves and each of the Class Members), by and through their counsel of record; and (ii) Defendants Sunterra Corporation ("Sunterra"), Nicholas J. Benson and Steven E. West, by and through their counsel of record. The Stipulation is intended by the Settling Parties to fully, finally and forever dismiss, release, resolve, discharge and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

In connection with seeking the Court's approval of the settlement, the parties will seek conditional certification, for settlement purposes only, by the Court of the Class, as defined in this Stipulation, pursuant to Rule 23, Fed. R. Civ. P., and a determination that this action is properly maintained as a class action pursuant to Rule 23.

## I.    THE LITIGATION

A.    Between July 12, 2006 and July 21, 2006, three class actions (*Gonan v. Sunterra Corp., et al.*, No. 2:06-cv-0084; *Kaltman v. Sunterra Corp., et al.*, No. 2:06-cv-00894; and *Sickles v. Sunterra Corp., et al.*, No. 2:06-cv-0877) were filed by purchasers of Sunterra common stock in the United States District Court for the District of Nevada (the "Court") against Sunterra and two of its former officers and directors, Nicholas J. Benson and Steven E. West (Sunterra's former Chief Executive Officer and Chief Financial Officer, respectively).

B.    By Order dated June 22, 2007, the actions were consolidated. The consolidated actions, as above-captioned, are referred to herein collectively as the "Litigation." On June 22, 2007, the Court appointed the "Employees' Retirement Group," which plaintiffs defined to include the City of Pontiac General Employees' Retirement System and the City of Livonia Employees'

Retirement System, as the Lead Plaintiffs and approved the selection of Coughlin Stoia Geller Rudman & Robbins LLP as Lead Plaintiffs' Counsel and Beckley Singleton Chtd. as liaison counsel. Lead Plaintiffs filed an amended consolidated complaint on August 21, 2007, which is the operative complaint (the "Complaint") in this action. The Complaint alleges that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder by artificially inflating Sunterra's stock price between April 15, 2003 and June 22, 2006. Lead Plaintiffs' claims arise out of Sunterra's May 3, 2006 announcement that it intended to restate its financial statements for the period 2002 through 2006 in order to account for a tax liability and that its 2002-2006 financial statements should not be relied on. The Complaint alleges that Sunterra overstated its EBITA, EBITDAR, and net earnings by understating its employee withholding taxes.

       C.      Sunterra's accounting restatement, as well as a tender offer for Sunterra's stock by an affiliate of Diamond Resorts, LLC that was consummated in April 2007, were the subject of two related shareholder class and derivative actions (consolidated under the caption *In re Sunterra Corporation Shareholder Litigation*, C.A. No. A525433) in the Eighth Judicial District for the State of Nevada and for the County of Clark (the "State Court Action") that alleged, among other things, that Sunterra's former directors breached their fiduciary duties. The breach of fiduciary duty claim, like the disclosure claim in this action, arose in substantial part out of Sunterra's announcement that it would restate its financial statements for 2002 – 2006 to account for certain tax liabilities relating to Sunterra's operations and affiliates in Europe. The State Court Action was settled and dismissed following notice to shareholders and State Court approval of the settlement on November 19, 2007.

       D.      Sunterra's proposed restatement of its financial results was also the subject of an informal investigation by the Securities and Exchange Commission (the "SEC"), as disclosed by

Sunterra on July 6, 2006.  In January 2008, the SEC notified Sunterra that it had completed its investigation and that it did not intend to recommend any enforcement action against Sunterra.

E.      On November 2 and 9, 2007, Defendants moved pursuant to Rules 9(b) and 12(b)(6), Fed. R. Civ. P., and the Private Securities Litigation Reform Act of 1995 (the "PSLRA") to dismiss the Complaint in its entirety.  On June 13, 2008, Lead Plaintiffs moved to strike or, in the alternative, to convert Defendants' motions to dismiss into motions for summary judgment.  Defendants opposed the motion.  The Court set the motions for oral argument on September 18, 2008.  Following the completion of briefing, Lead Plaintiffs and Sunterra filed supplemental briefs in order to address four recent decisions by the Ninth Circuit Court of Appeals in actions alleging securities fraud.

F.      In early 2008, Lead Plaintiffs and Sunterra asked the Honorable Daniel Weinstein, who served as a judge of the Superior Court of San Francisco from 1982 until 1988, to serve as a mediator.  Judge Weinstein agreed.

G.      On March 14, 2008, Plaintiffs and Sunterra submitted mediation statements to Judge Weinstein.  On March 19, 2008, counsel for Lead Plaintiffs and Sunterra met with Judge Weinstein and representatives of Defendants' directors' and officers' liability insurer for five hours.  No settlement was reached and the parties remained far apart.  Judge Weinstein continued his efforts to mediate a settlement for several months.

H.      On September 17, 2008, following further arm's-length negotiations through Judge Weinstein, the parties reached a settlement in principle.  The parties informed the Court of the settlement on September 18, 2008 and the Court scheduled a hearing for November 4, 2008 to determine whether the settlement should be preliminarily approved under Rule 23(e).

I.      The Lead Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports their claims.  However, counsel for the Lead Plaintiffs

recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against the Defendants through trial and through appeals. Lead Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this, and the difficulties and delays inherent in such litigation. In addition, Lead Plaintiffs are mindful of the inherent problems of proof as to liability and damages under, and possible defenses to, the securities law violations asserted in the Litigation. Lead Plaintiffs believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, counsel for the Lead Plaintiffs have determined that the settlement set forth in the Stipulation is in the best interests of the Lead Plaintiffs and the Class.

J.    Defendants deny any wrongdoing, liability or damages whatsoever, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Defendant with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or of any infirmity in the defenses that the Defendants have asserted. Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this. Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## II.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Lead Plaintiffs (for themselves and Class Members) and the Defendants, by and through their respective attorneys, that, subject to the approval of the Court under Rule 23, Fed. R. Civ. P., the

Litigation and the Released Claims (as defined below) shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

**1.    Definitions**

The terms below shall have the following meanings for the purpose of this Stipulation and the exhibits to this Stipulation:

1.1    "Authorized Claimant" means any Class Member whose claim for recovery is allowed, in whole or in part, pursuant to the terms of the Stipulation.

1.2    "Claims Administrator" means the firm of Rust Consulting, Inc.

1.3    "Class" and "Class Members" mean all Persons who purchased the common stock of Sunterra during the period from April 15, 2003 through June 22, 2006, inclusive, and were damaged thereby, excluding Defendants, their affiliates, members of their immediate families, directors and officers of Sunterra and their immediate families, and present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries and agents of any of these persons or entities. Also excluded from the Class is any Person who requests exclusion from the Class pursuant to the procedures set forth in the notice sent to Class Members.

1.4    "Class Period" means for the purposes of this settlement only, the period of April 15, 2003 through and including June 22, 2006.

1.5    "Defendants" means Sunterra, Nicholas J. Benson and Steven E. West.

1.6    "Diamond Resorts" means DRS Acquisition Corporation, DR Resort Holdings, LLC, Diamond Resorts Holdings, LLC, Diamond Resorts Parent LLC, Diamond Resorts, LLC, and Diamond Resorts Corporation, formerly known as Sunterra.

1.7    "Effective Date" means the first business day after the date by which all of the events and conditions specified in ¶7.1 of this Stipulation have been met and have occurred.

1.8    "Escrow Agent" means the law firm of Coughlin Stoia Geller Rudman & Robbins LLP or its successor(s). The rights and responsibilities of the Escrow Agent shall not be assigned except upon reasonable notice to and written consent of Sunterra and approval of the Court.

1.9    "Final" means when the last of the following with respect to the Final Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Final Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Final Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend or for reconsideration is filed or if an appeal is taken, the determination of that motion or appeal in such a manner that affirms and leaves in place the Final Judgment without any material modification, substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this settlement or request for en banc review or reconsideration, and all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses, any Plan of Allocation of the Settlement Fund, as hereinafter defined, or the Court's findings and conclusions pursuant to Section 21D(c)(1) of the Exchange Act, as amended by the PSLRA.

1.10    "Final Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.11    "Individual Defendants" means Nicholas J. Benson and Steven E. West.

1.12    "Lead Plaintiffs" means the City of Pontiac General Employees' Retirement System and City of Livonia Employees' Retirement System.

1.13    "Lead Plaintiffs' Counsel" means Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101.

1.14    "Litigation" means the above-captioned action and all complaints filed and consolidated into this action.

1.15    "Mutual Release" means the releases among Defendants and Diamond Resorts attached hereto as Exhibit C.

1.16    "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, or any other business or legal entity, government or any political subdivision or agency thereof, and the spouses, heirs, predecessors, successors, representatives, or assignees of any of the foregoing.

1.17    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of or provision for expenses of notice and administration of the settlement, Taxes and Tax Expenses and such attorneys' fees, costs, expenses and interest as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation and neither Defendants nor the Related Parties shall have any responsibility or liability with respect thereto.

1.18    "Preliminary Order" means the proposed order preliminarily approving the settlement, conditionally certifying the Class, and directing notice thereof to the Class substantially in the form attached hereto as Exhibit A.

- 7 -

1.19    "Related Parties" means each of the past and/or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, advisers, consultants, accountants or auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related and/or affiliated entities of Sunterra, Diamond Resorts, or any Person who is or was named as a defendant in the Litigation, any entity in which any Person who is or was named as a defendant in the Litigation, has a controlling interest, any members of any Individual Defendant's immediate family, and/or any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant's family.

1.20    "Released Claims" means any and all claims (including "Unknown Claims" as defined below), causes of action and rights, that were or might have been asserted against the Released Persons and their Related Parties, belonging to Lead Plaintiffs and any or all members of the Class and their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries and agents, including, without limitation, any claims, causes of action and rights, whether direct, representative or in any other capacity, arising under federal, state, local or foreign, statutory or common law or any other law, rule or regulation, including the law of any foreign jurisdiction, that relate in any way to any violation of state, federal or any foreign jurisdiction's securities laws, any misstatement, omission or disclosure (including in financial statements), any claim for arbitration or for contribution under the Exchange Act, as amended by the PSLRA, breach of duty, any negligence or fraud, or any other alleged wrongdoing or misconduct or damages by Defendants, and/or their Related Parties relating in any way to the purchase of shares of common stock by Class Members during the Class Period.

1.21    "Released Persons" means each and all of Sunterra, the Individual Defendants, Diamond Resorts and their Related Parties.

1.22    "Settlement Amount" means Eight Million Dollars ($8,000,000).

1.23    "Settlement Fund" means the Settlement Amount, plus all interest earned thereon after payment of the Settlement Amount.

1.24    "Settlement Hearing" means the hearing on the settlement described in ¶3.2 of this Stipulation.

1.25    "Settling Parties" means, collectively, Sunterra, the Individual Defendants, Diamond Resorts, and the Lead Plaintiffs on behalf of themselves and Class Members.

1.26    "Sunterra" means Sunterra Corporation and its subsidiaries and parent corporation.

1.27    "Sunterra's Counsel" means Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153.

1.28    "Supplemental Agreement" is defined in ¶7.3.

1.29    "Taxes" means federal, state, local and non-U.S. income and other taxes, together with any interest, penalties or additions to tax imposed with respect thereto.

1.30    "Tax Expenses" means expenses incurred in connection with the implementation of ¶2.7, including reasonable expenses of tax attorneys and accountants retained by the Escrow Agent.

1.31    "Unknown Claims" means any Released Claims which the Lead Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement or opt out of the Class.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiffs shall expressly waive,

and each of the Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Lead Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiffs shall expressly and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiffs acknowledge, and Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

2.    **The Settlement Consideration**

    a.    **The Settlement Fund**

2.1    Sunterra or its insurer will deposit the Settlement Amount on behalf of Defendants with the Escrow Agent within thirty (30) calendar days after the Court enters the Preliminary Order granting preliminary approval of the settlement and Lead Plaintiffs' Counsel serve notice of entry of the order on Sunterra's Counsel and provide wire transfer instructions and the Settlement Fund's tax identification number to Sunterra (the "Funding Date"). In the event that the Settlement Amount is not paid into the escrow account on the Funding Date, the unpaid portion of the Settlement Amount shall bear interest at a rate of 5% per annum from the Funding Date.

    b.    **The Escrow Agent**

2.2    The Escrow Agent will establish a separate, segregated interest-bearing escrow account (which shall be a qualified settlement fund with its own tax identification number), located in California, at a nationally recognized financial institution and shall invest the Settlement Fund transferred pursuant to ¶2.1 hereof in short-term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund shall be borne by the Escrow Agent and not by any of the Defendants.

2.3    The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Sunterra.

2.4    Subject to further order(s) and/or direction(s) as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.

2.5    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and the funds and the Escrow Agent shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.6    The Escrow Agent may establish a "Notice and Administration Fund," and may deposit up to $200,000 from the Settlement Fund in it. The Notice and Administration Fund shall be used by Lead Plaintiffs' Counsel to pay costs and expenses reasonably and actually incurred in connection with providing notice to the Class, locating Class Members, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, and processing Proof of Claim and Release forms. The Notice and Administration Fund shall also be invested and earn interest as provided for in ¶2.2 of this Stipulation. If the costs of notice and administration do not exceed $200,000, the balance shall be refunded to the Settlement Fund by the Escrow Agent. If the costs of notice and administration exceed $200,000, any such additional costs and expenses shall be transferred from the Settlement Fund to the Notice and Administration Fund, unless the Court orders otherwise.

**c.    Taxes**

2.7    (a)    The Settling Parties and the Escrow Agent shall treat the Settlement Fund as a "qualified settlement fund" for purposes of §468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder. The Escrow Agent and Sunterra shall jointly make such elections as are necessary or advisable to carry out the provision of this ¶2.7.

(b)    The Escrow Agent shall be the Settlement Fund's "administrator" as that term is used in Treas. Reg. §1.468B-2(k)(3). As administrator, the Escrow Agent shall timely prepare and file all required tax returns with respect to the Settlement Fund, including, without limitation, the

- 12 -

returns described in Treas. Reg. §§1.468B-2(k)(1) and 1.468B-2(1)(2). From the Settlement Fund, the Escrow Agent shall timely pay, and indemnify each of the Defendants and the Related Parties for, all Taxes imposed on the income earned by the Settlement Fund. Without limiting the foregoing, from the Settlement Fund, the Escrow Agent shall reimburse Defendants within ten (10) days of written demand for any such Taxes to the extent they are imposed on Defendants for a period during which the Settlement Fund does not qualify as a "qualified settlement fund." All amounts payable pursuant to this ¶2.7 shall be paid from the Settlement Fund without prior order of the Court.

(c)    For the purpose of this ¶2.7, references to the Settlement Fund shall include both the Settlement Fund and the Notice and Administration Fund and shall also include any earnings thereon.

(d)    Defendants shall have no responsibility for maintaining or investing the Settlement Amount or the Settlement Fund, for the establishment or maintenance of the escrow account, for the payment of Taxes or Tax Expenses, or for the distribution of the Settlement Fund or the administration of the settlement. Defendants take no position with respect to the provisions of this Stipulation governing those issues. Defendants shall have no further or other liability or obligations to Lead Plaintiffs, Lead Plaintiffs' Counsel or any Class Member with respect to the Released Claims except as expressly stated in this Stipulation.

### d.    Termination of Settlement

2.8    In the event that the Stipulation is not approved by the Court or does not become Final, or the Stipulation is terminated, canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest) less expenses and Taxes actually incurred or due and owing pursuant to ¶¶2.6 and 2.7, shall immediately be refunded pursuant to written instructions from Sunterra's Counsel.

### 3.   Notice Order and Settlement Hearing

3.1    Promptly after execution of this Stipulation, the Settling Parties shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of the Preliminary Order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto. The Notice shall include the general terms of the settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application as defined in ¶6.1 hereof and the date of the Settlement Hearing.

3.2    After notice is given, the Court shall hold a hearing (the "Settlement Hearing") at which time Lead Plaintiffs' Counsel shall request that the Court approve the settlement of the Litigation as set forth herein and enter the Final Judgment in the form attached as Exhibit B to this Stipulation. At or after the Settlement Hearing, Lead Plaintiffs' Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

### 4.   Releases and Bar Order

4.1    Upon the Effective Date, hereof, the Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release or is an Authorized Claimant.

4.2    The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

- 14 -

4.3     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members and counsel to the Lead Plaintiffs (in their capacity as such) from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

4.4     Notwithstanding anything to the contrary above, the Released Claims do not include claims: (i) to enforce the Final Judgment and the settlement, and any or all of their terms set forth in this Stipulation, including but not limited to the releases provided for in the Final Judgment; (ii) belonging to Defendants against their insurers; or (iii) by Sunterra and/or Diamond Resorts against Sunterra's former outside auditors.

4.5     Upon execution of this Stipulation, Sunterra, Diamond Resorts and the Individual Defendants shall exchange fully executed Mutual Releases in the form attached hereto as Exhibit C, which shall become effective when the Final Judgment becomes Final.

## 5.     Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund

5.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay the attorneys' fees and reasonable expenses of counsel for Lead Plaintiffs with interest thereon (the "Fee and Expense Award"), if and to the extent allowed by the Court;

(b)    to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any;

(c)    to pay the Taxes and Tax Expenses described in ¶¶1.29, 1.30 and 2.7 hereof; and

(d)    to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or further order of the Court.

5.3    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

(a)    Within one hundred-twenty (120) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to such Person.

(b)    Except as otherwise ordered by the Court, any and all Class Members who fail to timely submit a Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Stipulation and the settlement set forth herein, but will in all other respects be

- 16 -

subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Plaintiffs' Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

(c)     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation approved by the Court. If there is any balance remaining in the Net Settlement Fund after a reasonable time from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Plaintiffs' Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to Cancer Care, Inc., subject to court approval.

5.4     The Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, if any, or any losses incurred in connection therewith.

5.5     No Person shall have any claim against Lead Plaintiffs' Counsel or the Claims Administrator, or other Person designated by Lead Plaintiffs' Counsel, or Defendants and/or the Related Parties or their counsel based on the distributions made substantially in accordance with this Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.6     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered

- 17 -

by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Final Judgment approving this Stipulation and the settlement set forth herein, or any other orders entered pursuant to this Stipulation.

### 6.    Plaintiffs' Counsel's Attorneys' Fees and Expenses.

6.1    Lead Plaintiffs' Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to plaintiffs' counsel from the Settlement Fund for: (a) an award of attorneys' fees not to exceed 25% of the Settlement Amount plus reasonable expenses incurred in connection with prosecuting the Litigation, plus interest at the same rate as earned by the Settlement Fund (until paid), as may be awarded by the Court.

6.2    Upon an appropriate Court order, the fees and expenses, as awarded by the Court, shall be paid to Lead Plaintiffs' Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses and the Court's final approval of the settlement. Lead Plaintiffs' Counsel may thereafter allocate the attorneys' fees among other plaintiffs' counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution and resolution of the Litigation. In the event that the Effective Date does not occur, or the Final Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then each plaintiffs' law firm receiving a portion of the awarded fees and expenses shall, jointly and severally, be obligated to immediately refund such amounts of fees and expenses to the Settlement Fund as are consistent with any reversal or modification plus interest at the same rate as earned on the Settlement Fund. Each

such plaintiffs' counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3     Lead Plaintiffs may submit an application for reimbursement of their time and expenses reasonably incurred in the prosecution of the Litigation.

6.4     The procedure for and the allowance or disallowance by the Court of any applications by Lead Plaintiffs' Counsel for attorneys' fees and expenses, or the expenses of the Lead Plaintiffs, to be paid out of the Settlement Fund, and entry by the Court of the proposed findings and conclusions pursuant to Section 21D(c)(1) of the Exchange Act, as amended by the PSLRA, are not part of the settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in this Stipulation, and any order or proceeding relating to the Fee and Expense Application, the Lead Plaintiffs' expense applications, the proposed findings and conclusions pursuant to Section 21(D)(c)(1) of the Exchange Act, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment approving this Stipulation and the settlement of the Litigation set forth herein.

6.5     Defendants and their Related Parties shall have no responsibility for any payment of attorneys' fees and expenses to plaintiffs' counsel over and above payment of the Settlement Fund.

6.6     Defendants and their Related Parties shall have no responsibility for the allocation among plaintiffs' counsel, and/or any other Person who may assert a claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

- 19 -

7.    **The Effective Date and Conditions for the Effectiveness of the Settlement**

7.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)    the Court has entered the Preliminary Order, as required by ¶3.1 hereof;

(b)    the Court has entered the Final Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(c)    the Final Judgment has become Final, as defined in ¶1.9 hereof.

7.2    Upon the occurrence of all of the events referenced in ¶7.1 hereof, and except as provided in ¶5.3 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions specified in ¶7.1 hereof are not met, then this Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Plaintiffs' Counsel and counsel for the Defendants mutually agree in writing to proceed with the Stipulation.

7.3    Sunterra shall have the option to terminate the settlement in the event that the total number of shares of Sunterra common stock purchased during the Class Period by Persons entitled to be members of the Class but who submit requests to be excluded from the Class, in accordance with the requirements stated in this Stipulation and the Preliminary Order, equals or exceeds the percentage stated in a confidential supplemental agreement entered into by Lead Plaintiffs and Sunterra (the "Supplemental Agreement") of the total number of shares of Sunterra common stock purchased by Persons that are: (a) members of the Class; and (b) otherwise entitled to a recovery under the Plan of Allocation. The Supplemental Agreement shall not be filed with the Court unless and until the Court asks the parties to do so or a dispute arises between Lead Plaintiffs and Sunterra concerning its interpretation or application. In either of those events, the Supplemental Agreement

- 20 -

shall be filed and maintained by the Court under seal. In the event of an objection to the settlement based upon the confidentiality of the percentage stated in the Supplemental Agreement, and notwithstanding anything to the contrary in this Paragraph or the Supplemental Agreement, Lead Plaintiffs and Sunterra shall each have the option to waive confidentiality, upon three business days notice communicated by facsimile or e-mail addressed to Lead Plaintiffs' Counsel or Sunterra's Counsel, as appropriate.

7.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or the Effective Date shall not occur for any reason (including if Sunterra exercises the option provided in ¶7.3), then immediately after the occurrence of such event, the Settlement Fund (including accrued interest), plus any amount then remaining in the Notice and Administration Fund (including accrued interest), less expenses which have been either incurred or disbursed pursuant to ¶¶2.6 and 2.7 hereof, shall be refunded to Sunterra by the Escrow Agent pursuant to written instructions from Sunterra's Counsel. At the request of counsel for Sunterra, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any reasonable fees or expenses incurred in connection with such application(s) for refund, at the written direction of Sunterra's Counsel.

7.5     In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or the Effective Date shall not occur in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of September 17, 2008. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶I.H and I, and II.1.1-1.31, 2.6-2.8, 7.3-7.5 and 8.3 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the

Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to the Lead Plaintiffs or any of plaintiffs' counsel, or entry of the Court's proposed findings and conclusions pursuant to Section 21D(c)(1) of the Exchange Act, as amended by the PSLRA, shall constitute grounds for cancellation or termination of the Stipulation.

7.6    If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither the Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or disbursed pursuant to ¶¶2.6 or 2.7 hereof.

7.7    If a case is commenced with respect to any Defendant under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction, and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by other Defendants, then, at the election of Lead Plaintiffs' Counsel, the parties shall jointly move the Court to vacate and set aside the releases given and the Final Judgment entered in favor of Defendants pursuant to the Stipulation, which releases and Final Judgment shall be null and void, and the Settling Parties shall be restored to their respective positions in the Litigation as of September 17, 2008 and any cash amounts in the Escrow Account shall be returned as provided in ¶¶6.2 and 7.4.

7.8    Each Defendant warrants and represents that it or he is not "insolvent" within the meaning of 11 U.S.C. §101(32) as of the time this Stipulation is executed and as of the time the payment was transferred or made as reflected in this Stipulation.

## 8.    **Miscellaneous Provisions**

8.1    The Settling Parties: (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Final Judgment will contain a finding that, during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel and with the assistance of Judge Weinstein, as described in ¶¶I.F to H supra. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

8.3    Neither this Stipulation nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of or damage by any of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative proceeding in any court, administrative agency or other tribunal. Defendants and the Released

Persons may file the Stipulation and/or the Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.4    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

8.5    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.6    This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.7    This Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to, and no reliance has been made by, any party concerning the Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own costs.

8.8    Lead Plaintiffs' Counsel, on behalf of the Class, are expressly authorized by the Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

8.9    Each counsel or other Person executing this Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.10    This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

8.11    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and the Related Parties.

8.12    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation and the Final Judgment, and the Settling Parties submit to the jurisdiction of the Court for purposes of implementing the Stipulation and the Final Judgment.

8.13    This Stipulation and the Exhibits hereto shall be governed and construed in accordance with the laws of the State of Nevada and without regard to the Nevada choice-of-law rules except to the extent that federal law governs.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated as of October 28, 2008.

ALBRIGHT, STODDARD, WARNICK
    & ALBRIGHT
G. MARK ALBRIGHT
Nevada Bar No. 1394
MARTIN MUCKLEROY
Nevada Bar No. 9634
801 South Rancho Drive
Quail Park Suite D 4
Las Vegas, NV  89106
Telephone:  702/384-7111
702/384-0605 (fax)

Liaison Counsel

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JOY ANN BULL
ARTHUR C. LEAHY
SHANNON M. MATERA
MATTHEW I. ALPERT


                    JOY ANN BULL

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Plaintiffs' Counsel for Plaintiffs

SULLIVAN, WARD, ASHER & PATTON, P.C.
CYNTHIA J. BILLINGS
25800 Northwestern Highway
1000 Maccabees Center
Southfield, MI  48075-1000
Telephone:  248/746-0700
248/746-2760 (fax)

Additional Counsel for Plaintiffs

WEIL, GOTSHAL & MANGES LLP
MIRANDA S. SCHILLER


                    MIRANDA S. SCHILLER

767 Fifth Avenue
New York, NY  10153-0119
Telephone:  212/310-8000
212/310-8007 (fax)

Attorneys for Defendant Sunterra Corporation

- 26 -

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JOY ANN BULL
ARTHUR C. LEAHY
SHANNON M. MATERA
MATTHEW I. ALPERT


_____
JOY ANN BULL

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Plaintiffs' Counsel for Plaintiffs

SULLIVAN, WARD, ASHER & PATTON, P.C.
CYNTHIA J. BILLINGS
25800 Northwestern Highway
1000 Maccabees Center
Southfield, MI 48075-1000
Telephone: 248/746-0700
248/746-2760 (fax)

Additional Counsel for Plaintiffs

WEIL, GOTSHAL & MANGES LLP
MIRANDA S. SCHILLER

*Miranda Schiller*
_____
MIRANDA S. SCHILLER

767 Fifth Avenue
New York, NY 10153-0119
Telephone: 212/310-8000
212/310-8007 (fax)

Attorneys for Defendant Sunterra Corporation

CARRINGTON, COLEMAN, SLOMAN
  & BLUMENTHAL, L.L.P.
BRUCE W. COLLINS
SHELBI L. BARNHOUSE

_Shelbi L. Barnhouse_
_____
SHELBI L. BARNHOUSE

901 Main Street, Suite 5500
Dallas, TX 75202
Telephone: 214/855-3000
214/855-1333 (fax)

Attorneys for Defendant Nicholas J. Benson

DEBEVOISE & PLIMPTON LLP
SCOTT N. AUBY

_____
         SCOTT N. AUBY

555 13th Street, N.W.
Suite 1100 East
Washington, DC 20004
Telephone: 202/383-8000
202/383-8118 (fax)

Attorneys for Steven E. West

H:\pdf\docs\YvetteG\Import\(v3) STIP 00054307.doc

CARRINGTON, COLEMAN, SLOMAN
   & BLUMENTHAL, L.L.P.
BRUCE W. COLLINS
SHELBI L. BARNHOUSE

_____

SHELBI L. BARNHOUSE

901 Main Street, Suite 5500
Dallas, TX 75202
Telephone: 214/855-3000
214/855-1333 (fax)

Attorneys for Defendant Nicholas J. Benson

DEBEVOISE & PLIMPTON LLP
SCOTT N. AUBY

_____

SCOTT N. AUBY

555 13th Street, N.W.
Suite 1100 East
Washington, DC 20004
Telephone: 202/383-8000
202/383-8118 (fax)

Attorneys for Steven E. West

H:\pdfdocs\YvetteG\Import\(v3) STIP 00054307.doc

- 27 -

CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 28, 2008.

s/ Joy Ann Bull
JOY ANN BULL

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:joyb@csgrr.com

# Mailing Information for a Case 2:06-cv-00844-BES-RJJ

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzia@csgrr.com,e_file_sd@csgrr.com

- **Mark Albright**
  gma@albrightstoddard.com

- **Matthew I. Alpert**
  malpert@csgrr.com

- **Scott N. Auby**
  snauby@debevoise.com

- **Patricia Avery**
  pavery@wolfpopper.com

- **Shelbi L Barnhouse**
  tmapes@ccsb.com,sbarnhouse@ccsb.com

- **Vance L. Beagles**
  vance.beagles@weil.com

- **Joy Ann Bull**
  joyb@csgrr.com

- **Bruce W Collins**
  bcollins@ccsb.com,rbell@ccsb.com

- **Erin Danielle Eckols**
  erin.eckols@weil.com

- **W. Neil Eggleston**
  wneggles@debevoise.com

- **Yolanda C. Garcia**
  yolanda.garcia@weil.com,christy.downey@weil.com,erin.eckols@weil.com

- **James J. Jackson**
  receptionist@thorndal.com,jjackson@thorndal.com,jnh@thorndal.com

- **Justin C. Jones**
  jcjones@hollandhart.com,clein@hollandhart.com,sthompson@hollandhart.com,dsagert@hollandh

- **Will Kemp**
  m.jacobs@hkj-law.com

- **Arthur C. Leahy**
  artl@csgrr.com,hectorm@csgrr.com,e_file_sd@csgrr.com

- **William S. Lerach**
  e_file_sd@csgrr.com

- **Shannon M. Matera**
  smckenna@csgrr.com,hectorm@csgrr.com,e_file_sd@csgrr.com

- **Brian O O'Mara**
  brian@omaralaw.net,val@omaralaw.net

- **J. Stephen Peek**
  speek@hollandhart.com,mdalluge@hollandhart.com,clein@hollandhart.com,lvfedecf@halelane.cc

- **Darren J. Robbins**
  e_file_sd@csgrr.com

- **Miranda S. Schiller**
  miranda.schiller@weil.com

- **Erin W. Sheehy**
  ewsheehy@debevoise.com

- **John L Thorndal**
  receptionist@thorndal.com,ann@thorndal.com,jlt@thorndal.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Shaye J Fuchs
Zwerling Schachter Zwerling, LLP
41 Madison Avenue
32nd Floor
New York, NY 10010

Richard A Speirs
Zwerling Schachter Zwerling, LLP
41 Madison Avenue
32nd Floor
New York, NY 10010

Jeffrey C Zwerling
Zwerling Schachter & Zwerling, LLP
41 Madison Avenue
32nd Floor
```

New York, NY 10010

SUNTERRA 06

<u>MANUAL SERVICE LIST</u>

Cynthia j. Billings
SULLIVAN, WARD, ASHER & PATTON, P.C.
25800 Northwestern Highway
1000 Maccabees Center
Southfield, MI  48075-1000
Telephone:  248/746-0700
248/746-2760 (fax)