ALBRIGHT, STODDARD, WARNICK
  & ALBRIGHT
G. MARK ALBRIGHT
Nevada Bar No. 1394
MARTIN MUCKLEROY
Nevada Bar No. 9634
801 South Rancho Drive
Quail Park Suite D 4
Las Vegas, NV  89106
Telephone: 702/384-7111
702/384-0605 (fax)

Liaison Counsel

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
ARTHUR C. LEAHY
SHANNON M. MATERA
MATTHEW I. ALPERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re SUNTERRA CORP. SECURITIES LITIGATION | ) Master File No. 2:06-cv-00844-BES-RJJ<br>)<br>) <u>CLASS ACTION</u><br>) |
| This Document Relates To:<br><br>ALL ACTIONS. | ) LEAD PLAINTIFFS' UNOPPOSED<br>) MOTION AND MEMORANDUM IN<br>) SUPPORT OF PRELIMINARY APPROVAL<br>) OF SETTLEMENT<br>)<br>) DATE:     November 4, 2008<br>  TIME:     9:00 a.m.<br>  COURTROOM:  The Honorable<br>                       Brian E. Sandoval |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................. 1

II. FACTUAL AND PROCEDURAL BACKGROUND ......................................... 1

III. SUMMARY OF SETTLEMENT ......................................................................... 2

IV. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL ........... 2

V. THE CLASS SHOULD BE PROVISIONALLY CERTIFIED .......................... 5

    A. The Class Meets the Requirements of Rule 23(a) ................................... 5

    B. The Class Should be Certified Under Rule 23(b)(3) ............................... 6

VI. PROPOSED SCHEDULE OF EVENTS ............................................................. 6

VII. CONCLUSION ..................................................................................................... 7

Lead Plaintiffs hereby move for entry of the proposed Order Preliminarily Approving Settlement, Approving Notice, and Scheduling Settlement Hearing. Lead Plaintiffs' motion is based on the Stipulation of Settlement dated as of October 28, 2008 ("Stipulation"), the following Memorandum in Support of Preliminary Approval of Settlement, all other pleadings and matters of record, and such additional evidence or argument as may be presented.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Settling Parties have entered into the Stipulation that results in a global resolution of all claims in the above-captioned action. Lead Plaintiffs submit this Memorandum in support of their unopposed motion for entry of an order: (i) preliminarily approving the settlement; (ii) provisionally certifying a Class; (iii) scheduling a hearing to consider final approval of the settlement, Plan of Allocation of settlement proceeds, and Lead Plaintiffs' Counsel's application for attorneys' fees and expenses; and (iv) authorizing the form and manner of notice to be sent to the Class advising them of the matters described above and their rights with respect thereto.

For the reasons set forth herein, Lead Plaintiffs respectfully urge the Court to enter the proposed Order Preliminarily Approving Settlement, Approving Notice, and Scheduling Settlement Hearing ("Notice Order"), submitted herewith.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Three class action complaints were filed against Sunterra Corporation ("Sunterra"), Nicholas J. Benson and Steven E. West (collectively, the "Defendants") asserting that Defendants falsified Sunterra's reported financial statements, certified that Sunterra had effective internal controls, and misrepresented Sunterra's EBITA, EBITDAR and net earnings. The actions were consolidated by the Court. After appointment of Lead Plaintiffs and Lead Plaintiffs' Counsel, Lead Plaintiffs filed a

consolidated amended complaint providing additional details to support their assertions of Defendants' alleged securities fraud. Defendants filed motions to dismiss contending that the complaint did not meet the pleading requirements of the Private Securities Litigation Reform Act of 1995, did not adequately allege scienter and failed to adequately plead loss causation or reliance with regard to multiple disclosures. Lead Plaintiffs opposed these motions explaining how the complaint sufficiently plead the elements of securities fraud under applicable law. Lead Plaintiffs also filed a motion to strike certain exhibits relied upon by Defendants in their motions.

During the above briefing process, the parties began to discuss settlement and agreed to attend a mediation with the Honorable Daniel Weinstein (Ret.) in March 2008. No settlement was reached at that time; however, Judge Weinstein continued his efforts to mediate a settlement and on September 17, 2008, the parties reached an agreement-in-principle to settle the Litigation. The terms agreed upon are set forth in the Stipulation filed herewith.

### III.   SUMMARY OF SETTLEMENT

Sunterra or its insurer will pay the sum of $8,000,000 in cash to resolve the claims brought in this matter. The settlement consideration will be deposited into an escrow account on or before 30 calendar days after the Court enters the Notice Order. Following final approval of the settlement by the Court, the Litigation will be dismissed with prejudice and all claims therein will be released pursuant to the terms of the Stipulation.

### IV.   THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

At the Settlement Hearing, the Court will have before it extensive papers submitted in support of the proposed settlement and will be asked to make a determination as to whether the settlement is fair, reasonable and adequate under all of the circumstances surrounding the Litigation.

At this juncture, however, Lead Plaintiffs request only that the Court grant preliminary approval of the settlement.

The procedure for review of a proposed class action settlement is well established:

> District court review of a class action settlement proposal is a two-step process. The first step is a preliminary, pre-notification hearing to determine whether the proposed settlement is "within the range of possible approval." This hearing is not a fairness hearing; its purpose, rather, is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing. *Manual for Complex Litigation* §1.46, at 53-55 (West 1977). If the district court finds a settlement proposal "within the range of possible approval," it then proceeds to the second step in the review process, the fairness hearing.

*Armstrong v. Bd. of Sch. Dirs.*, 616 F.2d 305, 314 (7th Cir. 1980) (footnote omitted).

To grant preliminary approval, the Court need only conclude that a settlement of the claims against the Defendants on the agreed upon terms is within the range of possible approval in order to preliminarily approve the settlement for the purposes of providing notice and holding a future fairness hearing. *Manual for Complex Litigation* §30.41, at 237 (3d ed. 1995).

Indeed, courts specifically have held that the granting of permission to send out a notice of settlement and hearing thereon,

> is not tantamount to a finding that the settlement is fair and reasonable. It is at most a determination that there is what might be termed "probable cause" to submit the proposal to class members and hold a full-scale hearing as to its fairness.

*In re Traffic Executive Ass'n – E. R.R.*, 627 F.2d 631, 634 (2d Cir. 1980) (citing *Manual for Complex Litigation* §1.46, at 55 n.10 (West 1977)).

Lead Plaintiffs submit that this Court can make such a determination of "probable cause." Given the complexities of this dispute and the uncertainties inherent in such complex litigation, the proposed settlement eliminates the risk that the Class might not otherwise recover.

While certainly premature at this point, reference to the factors considered by courts in granting final approval of class action settlements lends support to the Settling Parties' belief that the

proposed settlement is within the range of possible approval. In *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982), the Ninth Circuit set out the factors that the trial court should consider in assessing whether a proposed settlement is fair, reasonable and adequate. Consideration of those factors supports preliminary approval of the settlement.

First, the proposed settlement is the product of arm's-length negotiations by counsel with significant experience in complex class action litigation. The resulting settlement is the product of significant give and take by both sides.

Second, an evaluation of the benefits of settlement must be tempered by a recognition that any compromise involves concessions on the part of the settling parties. Indeed, "the very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice*, 688 F.2d at 624 (citation omitted). While Lead Plaintiffs believe the operative complaint would withstand Defendants' motions to dismiss, the proposed settlement eliminates this risk and provides an excellent recovery for the Class at a relatively early stage in the litigation. Lead Plaintiffs' Counsel estimate that the settlement represents about 18% of maximum damages if all claims were upheld for the entire Class Period.

Third, significant weight should be attributed to the belief of experienced counsel that settlement is in the best interest of the class. *Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988) (opinion of experienced counsel is entitled to considerable weight). Lead Plaintiffs' Counsel fully support the settlement and it is their informed opinion that, given the uncertainty and substantial expense of pursuing this matter through continued litigation, the settlement is fair, reasonable and adequate and in the best interests of the Class.

At this juncture, the Court need not answer the ultimate question: Whether the settlement is fair, reasonable and adequate. The Court is being asked to permit notice of the terms of the

settlement to be sent to the Class and schedule a hearing, pursuant to Federal Rule of Civil Procedure 23(e), to consider the fairness of the settlement, Lead Plaintiffs' Counsel's request for an award of fees and expenses, and any expressed views by Class Members on these issues. 5 James Wm. Moore, *Moore's Federal Practice* §23.85[3], at 23-353 to 23-354 (3d ed. 2002). Lead Plaintiffs recommend that the settlement be preliminarily approved and the Notice Order entered.

## V.   THE CLASS SHOULD BE PROVISIONALLY CERTIFIED

The preliminary approval process is also utilized to provisionally certify a class when a class has not been previously certified by the court. The parties seek certification, for settlement purposes only. For the reasons explained below, the Class should be certified under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

In the settlement context, class certification criteria are easily met because the class is unified by a common interest in a reasonable recovery. There is no doubt that the Class meets all of the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure.

### A.   The Class Meets the Requirements of Rule 23(a)

The Class easily meets the requirements of numerosity, commonality, typicality and adequacy of representation required by Rule 23(a) of the Federal Rules of Civil Procedure.

First, it is undisputed that the Class consists of thousands of individuals who purchased Sunterra common stock between April 15, 2003 and June 22, 2006. Lead Plaintiffs' Counsel estimate that there were over 20 million shares of Sunterra stock damaged during the Class Period.

Second, commonality is satisfied if there is one issue common to class members. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Here, common issues as to the Class include whether Defendants, through the conduct complained of in the Litigation, violated the securities laws by making false and misleading statements about the company's financial results.

Typicality is satisfied if a lead plaintiff's claims share a common element with the class because they arise from the same course of conduct that gave rise to the claims of other class members. *In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*, 122 F.R.D. 251, 256 (C.D. Cal. 1988). Here, Lead Plaintiffs' claims are typical because they purchased Sunterra common stock during the Class Period and were allegedly damaged thereby.

Finally, the claims of all Class Members have been fairly and adequately protected because Lead Plaintiffs and their counsel have no disabling conflicts of interest, Lead Plaintiffs' Counsel are well qualified and have vigorously prosecuted and settled this action on behalf of the Class. *Hanlon*, 150 F.3d at 1020-22.

**B.     The Class Should be Certified Under Rule 23(b)(3)**

The parties seek certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure. Rule 23(b)(3) requires common questions of law or fact to predominate over questions affecting individual class members and the class action to be superior to other methods for efficient adjudication of the claims. The United States Supreme Court noted that the predominance test is readily met in cases alleging securities fraud. *Amchem Prods. v. Windsor*, 521 U.S. 591, 625 (1997). Thus, class treatment is the appropriate method of settling this controversy. Moreover, because the Court is certifying this action for settlement purposes only, it need not determine whether the Class would be manageable for litigation purposes. *Id.* at 620.

**VI.    PROPOSED SCHEDULE OF EVENTS**

The parties request permission to provide notice of the settlement to Class Members at this time. Lead Plaintiffs have inserted a proposed schedule into the Notice Order and its exhibits and the hearing date set by the court of February 9, 2009. This schedule is similar to those used and approved by numerous courts in class action settlements and provides due process to Class Members

- 6 -

with respect to their rights concerning the settlement. *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374-75 (9th Cir. 1993).

## VII.  CONCLUSION

For all of the foregoing reasons, Lead Plaintiffs respectfully request that the proposed settlement be preliminarily approved by the Court and the Notice Order entered.

DATED: October 28, 2008                 Respectfully submitted,

ALBRIGHT, STODDARD, WARNICK
  & ALBRIGHT
G. MARK ALBRIGHT
Nevada Bar No. 1394
MARTIN MUCKLEROY
Nevada Bar No. 9634
801 South Rancho Drive
Quail Park Suite D 4
Las Vegas, NV  89106
Telephone: 702/384-7111
702/384-0605 (fax)

Liaison Counsel

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JOY ANN BULL
ARTHUR C. LEAHY
SHANNON M. MATERA
MATTHEW I. ALPERT

              s/ Joy Ann Bull
            JOY ANN BULL

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

- 8 -

SULLIVAN, WARD, ASHER & PATTON, P.C.
CYNTHIA J. BILLINGS
25800 Northwestern Highway
1000 Maccabees Center
Southfield, MI 48075-1000
Telephone: 248/746-0700
248/746-2760 (fax)

Additional Counsel for Plaintiffs

S:\Settlement\Sunterra 06.set\BRIEF PRELIM APPROVAL 00055164.doc

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 28, 2008.

                                                  s/ Joy Ann Bull
                                                JOY ANN BULL

                                                COUGHLIN STOIA GELLER
                                                    RUDMAN & ROBBINS LLP
                                                655 West Broadway, Suite 1900
                                                San Diego, CA  92101-3301
                                                Telephone:  619/231-1058
                                                619/231-7423 (fax)

                                                E-mail:joyb@csgrr.com

# Mailing Information for a Case 2:06-cv-00844-BES-RJJ

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzia@csgrr.com,e_file_sd@csgrr.com

- **Mark Albright**
  gma@albrightstoddard.com

- **Matthew I. Alpert**
  malpert@csgrr.com

- **Scott N. Auby**
  snauby@debevoise.com

- **Patricia Avery**
  pavery@wolfpopper.com

- **Shelbi L Barnhouse**
  tmapes@ccsb.com,sbarnhouse@ccsb.com

- **Vance L. Beagles**
  vance.beagles@weil.com

- **Joy Ann Bull**
  joyb@csgrr.com

- **Bruce W Collins**
  bcollins@ccsb.com,rbell@ccsb.com

- **Erin Danielle Eckols**
  erin.eckols@weil.com

- **W. Neil Eggleston**
  wneggles@debevoise.com

- **Yolanda C. Garcia**
  yolanda.garcia@weil.com,christy.downey@weil.com,erin.eckols@weil.com

- **James J. Jackson**
  receptionist@thorndal.com,jjackson@thorndal.com,jnh@thorndal.com

- **Justin C. Jones**
  jcjones@hollandhart.com,clein@hollandhart.com,sthompson@hollandhart.com,dsagert@hollandh

- **Will Kemp**
  m.jacobs@hkj-law.com

- **Arthur C. Leahy**
  artl@csgrr.com,hectorm@csgrr.com,e_file_sd@csgrr.com

- **William S. Lerach**
  e_file_sd@csgrr.com

- **Shannon M. Matera**
  smckenna@csgrr.com,hectorm@csgrr.com,e_file_sd@csgrr.com

- **Brian O O'Mara**
  brian@omaralaw.net,val@omaralaw.net

- **J. Stephen Peek**
  speek@hollandhart.com,mdalluge@hollandhart.com,clein@hollandhart.com,lvfedecf@halelane.cc

- **Darren J. Robbins**
  e_file_sd@csgrr.com

- **Miranda S. Schiller**
  miranda.schiller@weil.com

- **Erin W. Sheehy**
  ewsheehy@debevoise.com

- **John L Thorndal**
  receptionist@thorndal.com,ann@thorndal.com,jlt@thorndal.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Shaye J Fuchs
Zwerling Schachter Zwerling, LLP
41 Madison Avenue
32nd Floor
New York, NY 10010

Richard A Speirs
Zwerling Schachter Zwerling, LLP
41 Madison Avenue
32nd Floor
New York, NY 10010

Jeffrey C Zwerling
Zwerling Schachter & Zwerling, LLP
41 Madison Avenue
32nd Floor
```

New York, NY 10010

SUNTERRA 06

<u>MANUAL SERVICE LIST</u>

Cynthia j. Billings
SULLIVAN, WARD, ASHER & PATTON, P.C.
25800 Northwestern Highway
1000 Maccabees Center
Southfield, MI  48075-1000
Telephone:  248/746-0700
248/746-2760 (fax)