UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re SUNTERRA CORP. SECURITIES LITIGATION | ) ) ) | Master File No. 2:06-cv-00844-BES-RJJ |
| | ) | CLASS ACTION |
| | ) ) | |
| This Document Relates To: | ) ) | FINAL JUDGMENT |
| ALL ACTIONS. | ) ) ) ) | DATE:   February 9, 2009<br>TIME:    9:00 a.m.<br>COURTROOM:   The Honorable<br>                           Brian E. Sandoval |

WHEREAS Lead Plaintiffs City of Pontiac General Employees' Retirement System and City of Livonia Employees' Retirement System ("Lead Plaintiffs") and Defendants Sunterra Corporation, Nicholas J. Benson and Steven E. West ("Defendants") have determined to settle all claims in this litigation (the "Litigation") on the terms set forth in the Stipulation of Settlement dated as of October 28, 2008 (the "Stipulation"); and

WHEREAS the Court is familiar with and has reviewed the record in the Litigation and has reviewed the Stipulation and the settlement provided for by the Stipulation (the "settlement"), and has considered all submissions to the Court and presentations at a hearing held on February 9, 2009 (the "Settlement Hearing") following notice of the settlement and the Settlement Hearing given in accordance with this Court's November 4, 2008 Order Preliminarily Approving Settlement, Approving Notice, and Scheduling Settlement Hearing (the "Preliminary Order"); and

WHEREAS the Court has found good cause for entering the following Final Judgment:

NOW, THEREFORE, THIS 10TH DAY OF FEBRUARY, 2009, IT HEREBY IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. This Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. The Court finds and concludes that notice was given to Class Members in compliance with the Court's Preliminary Order.

3. The Court finds and concludes, with respect to both the form of the notice given and the procedure used to give notice, that the notice given is the best notice reasonably practicable under the circumstances, fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-

4(a)(7), the Constitution of the United States, and any other applicable law, and constitutes due and sufficient notice to all Persons entitled to receive notice.

4. The Court finds and concludes that the settlement is fair, reasonable, adequate and in the best interests of the Class, approves the settlement, adopts the terms of the Stipulation, and directs consummation of the settlement pursuant to its terms.

5. Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Class, the Litigation and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiffs and Class Members, as against the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this settlement, a Class of all Persons who purchased the common stock of Sunterra during the period from April 15, 2003 through June 22, 2006, inclusive, and were damaged thereby, excluding Defendants, their affiliates, members of their immediate families, directors and officers of Sunterra and their immediate families, and present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries and agents of any of these persons or entities. Also excluded from the Class is any Person who requested exclusion from the Class pursuant to the procedures set forth in the notice sent to Class Members.

7. With respect to the Class, this Court finds for the purposes of effectuating this settlement that (a) the Class Members are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and Lead Plaintiffs' Counsel have fairly and adequately

represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

8. The Court finds and concludes that the provisions in the Stipulation providing for the distribution of the settlement proceeds to Class Members (the "Plan of Allocation") are fair, reasonable, adequate and in the best interests of the Class, approves the Plan of Allocation, adopts the terms of the Plan of Allocation, and directs consummation of the Plan of Allocation pursuant to its terms.

9. The Effective Date of the settlement shall be one business day following the latest of the following events: (a) the expiration of the time to file a motion to alter or amend the Final Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (b) the expiration of the time in which to appeal the Final Judgment has passed without any appeal having been taken; and (c) if a motion to alter or amend or for reconsideration is filed or if an appeal is taken, the determination of that motion or appeal in such a manner that affirms and leaves in place this Final Judgment without any material modification, substantially in accordance with the terms and conditions of the Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this settlement or request for en banc review or reconsideration, and all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals

following decisions on remand, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses, any Plan of Allocation of the Settlement Fund, or the Court's findings and conclusions pursuant to Section 21D(c)(1) of the Exchange Act, as amended by the PSLRA.

10. Upon the Effective Date, as defined in the Stipulation:

(a) the Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release; and

(b) each of the Released Persons shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members and counsel to the Lead Plaintiffs (in their capacity as such) from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

11. Notwithstanding anything to the contrary above, the Released Claims do not include claims (i) to enforce this Final Judgment and the settlement, and any or all of their terms, including but not limited to the releases provided for in this Final Judgment; (ii) belonging to Defendants against their insurers; or (iii) by Sunterra and/or Diamond Resorts against Sunterra's former outside auditors.

12. The Court permanently enjoins Lead Plaintiffs and all Class Members from commencing or prosecuting, either directly or indirectly, any action or proceeding asserting any of the Released Claims in this or any other forum against any of the Released Persons.

13. The Court dismisses the Litigation against Defendants with prejudice and without costs except as provided for in this Final Judgment.

14. The Court finds and concludes, pursuant to Section 21D(c)(1) of the Exchange Act, as amended by the PSLRA, 15 U.S.C. §78u-4(c)(1), that Lead Plaintiffs, Lead Plaintiffs' Counsel, Defendants and Defendants' counsel have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading or dispositive motion.

15. The fact and terms of this Final Judgment and the settlement, all negotiations, discussions, drafts and proceedings in connection with this Final Judgment and the settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) shall not be deemed to be or shall not be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of or damage by any of the Defendants; and (b) shall not be deemed to be or shall not be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Persons may file the Stipulation and/or this Final Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. In the event that the settlement fails to become effective in accordance with its terms, or if this Final Judgment is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the settlement), this Final Judgment (except Paragraphs 14 and 15) and the Preliminary Order (except Paragraphs 14 and 15) shall be null and void, the settlement (except Paragraphs 7.4, 7.5, 7.6 and 8.13 of the Stipulation) shall be deemed terminated, and the parties shall return to their positions, without prejudice in any way, as provided for in the settlement.

17. The Court retains jurisdiction to effectuate and enforce the terms of this Final Judgment and the settlement and over all matters related to this Final Judgment and the settlement, including, but not limited to, the releases provided for in this Final Judgment.

18. The Court expressly determines that there is no just reason for delay in entering this Final Judgment, and directs the Clerk of the Court to enter this Final Judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: February 10, 2009

_____
THE HONORABLE BRIAN E. SANDOVAL
UNITED STATES DISTRICT JUDGE

**EXHIBIT 1**



# ChiroMed Clinic

Jay Y. Cherner, D.C., C.C.S.P.
Certified Chiropractic Sports Physician

Diplomate American Board of
Physical Medicine and Rehabilitation

Member American Association of
Electrodiagnostic Medicine

December 20, 2008

Sunterra Settlement Administrator
c/o Rust Consulting, Inc.
201 So. Lyndale Ave., Suite S-3
P.O. Box 1956
Faribault, MN 55021-6152

Dear Sir or Madam:

I hereby request to be excluded from the Class. Please collect all data regarding the dates I purchased or sold shares of Sunterra common stock from John Conlin, RBC Wealth Management,                                           , tel
fax            ; email

Thank you,

Jay Y. Cherner

REC'D DEC 2 4 2008

☐                                    ☐
PHONE:                               PHONE:



Writer's Direct Number:
Fax:

January 13, 2009

**VIA CMRRR #7002 3150 0000 7597 2945**
**AND Regular U.S. Mail**
Sunterra Settlement Administrator
c/o Rust Consulting, Inc.
201 South Lyndale Ave., Suite S-3
PO Box 1956
Faribault, MN 55021-6152

Re: In re Sunterra Corp. Securities Litigation
USDC, District of NV
Master File No. 2:06-cv-00844-BES-RJJ

Dear Sir/Madam:

Please be advised for the above-referenced matter Costco Wholesale Corporation wants to be excluded from the Class.

Thank you.

Sincerely,

COSTCO WHOLESALE

Nicola Merrett
Paralegal

Cc: Juliann Buron

REC'D JAN 16 2009